
UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 09-30106-RAL |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | ADOPTING REPORT AND |
| | * | RECOMMENDATION AND |
| JOSEPH "JIMMY" REYNOLDS, III, | * | DENYING MOTION TO |
| | * | SUPPRESS |
| Defendant. | * | |

Defendant, Joseph "Jimmy" Reynolds, III, filed a Motion to Suppress (Doc. 25)

concerning statements he allegedly made to Calvin Waln ("Officer Waln"), a special agent

with the Rosebud Sioux Tribe Law Enforcement Services, on July 21, 2009. Defendant

argues that the statements were obtained in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436

(1966), and were involuntary. The matter is before the Court on the Report and

Recommendation (Doc. 40) of United States Magistrate Judge Mark A. Moreno, which was

entered on March 9, 2010. After conducting an evidentiary hearing on March 1, 2010,

Magistrate Judge Moreno has recommended that Defendant's Motion to Suppress the

statements be denied.

Copies of the Report and Recommendation were served upon the parties as required

by 28 U.S.C. § 636. In considering a magistrate judge's recommendation on a dispositive

matter, such as a motion to suppress evidence, a district court must make a "de novo

determination of those portions of the report or . . . recommendations to which objection is

made." 28 U.S.C. § 636(b)(1). Defendant filed objections to the Report and Recommendation (Doc. 43) on April 5, 2010, in the form of proposed findings of fact and conclusions of law. This Court has conducted a de novo review of the record.

## I. FACTS

On July 20, 2009, at about 3:30 a.m., Defendant was arrested for allegedly raping D.B., an adult female. (T. 10). Approximately 29 hours after his arrest, while still in custody, Officer Waln interviewed Defendant at the Rosebud Police Department. (T. 11). Defendant was advised of his <u>Miranda</u> rights, indicated that he understood those rights, and waived those rights by executing the advice of rights form presented to him. (T. 11-14). The interview lasted approximately 40 minutes and was conversational. (T. 14). Defendant did not ask to speak with an attorney at any time during the interview. (T. 14). Defendant exhibited no manifestations of being under the influence of alcohol or drugs during the interview. (T. 19). While admitting that he had sexual intercourse with D.B. in the past, Defendant denied having sexual intercourse with her on or about July 19, 2009, the date charged in the Indictment. (T. 14).

At some point later in the interview, Officer Waln asked Defendant how D.B.'s pants came off. In response, Defendant said, "I plead the Fifth on that." (T. 15). Officer Waln then asked Defendant why D.B. was wearing Defendant's underwear. (T. 15). Defendant replied that he did not know, and he posited that "if someone was raped and running for their life, that's why someone would have somebody's underwear on." (T. 15-16).

The interview continued for another five to ten minutes after that exchange. (T. 26). During this period, Defendant talked about D.B. being "weird," about people in the housing

area not liking him, and about his prior arrests, including one for vandalism. (T. 27-28).

Defendant now contends that he invoked his Fifth Amendment right to remain silent when saying he "[pled] the Fifth on that," and that after doing so, the interview should have immediately ended - but did not. He also maintains that his statements to Officer Waln were involuntary under the Fifth Amendment and should be suppressed.

## II. DISCUSSION

### A. <u>Miranda</u>

The safeguards of <u>Miranda</u> "assure that [a suspect's] right to choose between speech and silence remains unfettered throughout the interrogation process." <u>Connecticut v. Barrett</u>, 479 U.S. 523, 528 (1987) (quoting <u>Miranda</u>, 384 U.S. at 469). The suspect has the right to "control the time at which questioning occurs, the subjects discussed, and the duration of the interrogation." <u>Michigan v. Mosley</u>, 423 U.S. 96, 103-04 (1975).

After a suspect has been advised of his rights to remain silent and to counsel under <u>Miranda</u>, police may not proceed with questioning if the suspect indicates a desire to remain silent. <u>Miranda</u>, 384 U.S. at 473-74. The suspect's right to cut off questioning is grounded in the Fifth Amendment and must be "scrupulously honored." <u>Mosley</u>, 423 U.S. at 103. Police, however, are only required to cease questioning if the invocation of <u>Miranda</u> rights is clear and unequivocal. <u>See</u> <u>Davis v. United States</u>, 512 U.S. 452, 459-60 (1994).

In the context of the Fifth Amendment right to counsel, the Supreme Court has held that in order to effectively invoke the right, a suspect must "articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney . . . If the suspect's statement

is not an unambiguous or unequivocal request for counsel, the officers have no obligation to stop questioning him." Id. at 459-62. This "clear articulation" rule is also applicable to a suspect's assertion of his Fifth Amendment right to remain silent. Simmons v. Bowersox, 235 F.3d 1124, 1131 (8th Cir. 2001) ("An assertion of one's Miranda rights must be neither ambiguous nor equivocal."); United States v. Johnson, 56 F.3d 947, 955 (8th Cir. 1995); see also Burket v. Angelone, 208 F.3d 172, 200 (4th Cir. 2000); Bui v. DiPaolo, 170 F.3d 232, 239 (1st Cir. 1999); United States v. Mikell, 102 F.3d 470, 476 (1996).

The Supreme Court of the United States has recognized that a defendant's refusal to answer certain questions is not the equivalent of a request to end the interrogation. In Fare v. Michael C., 442 U.S. 707 (1979), a suspect declined to answer certain questions, claiming that he either did not know the answer or that he would not or could not answer specific questions. Id. at 727. The Court held that the suspect's actions "were not assertions of his right to remain silent." Id. Accordingly, several courts have held that a suspect may selectively waive his Miranda rights and decide to respond to some questions but not others. See, e.g., id. at 477; United States v. Eaton, 890 F.2d 511, 513 (1st Cir. 1989); Bruni v. Lewis, 847 F.2d 561, 563-64 (9th Cir. 1988); State v. Wright, 196 Wis.2d 149, 156-57, 537 N.W.2d 134, 137 (Wis. Ct. App. 1995). Additionally, the Supreme Court provides guidance on the issue of selective invocation.

Following this line of authority, this Court holds that Defendant's statement of "I plead the Fifth on that" was an unequivocal expression of selective invocation of his right to remain silent. Defendant was asked a specific question and answered that he would remain silent on that question. Any reasonable police officer in these circumstances would have

-4-

construed Defendant's statement to mean that he was not going to answer that particular question, but that he would not necessarily invoke his right to remain silent for further questions and that questioning may continue.

Significantly, Defendant never refused to answer any additional or follow-up questions. He never stated that he wanted questioning to cease. Instead, his clear desire was to selectively invoke his Fifth Amendment right to remain silent as to one, but only one, question. He never invoked his general right to remain silent. See United States v. Thomas, 176 Fed. Appx. 997, 997 (11th Cir. 2006) (suspect's refusal to answer one specific question is not tantamount to an invocation of rights as to other questions); Wright, 196 Wis.2d at 156-58, 537 N.W.2d at 137-38 (suspect's answer that he would "plead the Fifth on that one" in response to a specific question did not invoke his general right to remain silent); People v. Silva, 45 Cal.3d 604, 629-30, 754 P.2d 1070, 1083-84 (1988) (suspect's statement "I really don't want to talk about that" was not an invocation of his right to remain silent as to any further questioning).

## B. Voluntariness

Defendant also argues that his statements to Officer Waln on July 21, 2009, were involuntary, and therefore, inadmissible at trial, under the Fifth Amendment. Due process requires that incriminating statements or confessions be voluntary. See Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973) (a voluntary confession may be used against a suspect, but an involuntary one offends due process). The Government bears the burden of persuasion and must prove, by a preponderance of the evidence, that the challenged statements were voluntary. Colorado v. Connelly, 479 U.S. 157, 169 (1986); see also United

States v. Astello, 241 F.3d 965, 966 (8th Cir. 2001).

The test for determining voluntariness is whether the pressures exerted on the suspect have overborne his will. United States v. Meirovitz, 918 F.2d 1376, 1379 (8th Cir. 1990) (quoting United States v. Jorgensen, 871 F.2d 725, 729 (8th Cir. 1989)). A statement is voluntary if it is "the product of an essentially free and unconstrained choice by its maker." Schneckloth, 412 U.S. at 225. "A statement is involuntary when it [is] extracted by threats, violence or express or implied promises sufficient to overbear the [suspect's] will and critically impair his capacity for self-determination." United States v. LeBrun, 363 F.3d 715, 724 (8th Cir. 2004).

This Court considers the totality of the circumstances to determine whether a statement was made voluntarily. Id.; see also Wilson v. Lawrence County, 260 F.3d 946, 952 (8th Cir. 2001). When doing so, the Court examines "the conduct of the officer and the characteristics of the accused." LeBrun, 363 F.3d at 724. Factors that the Court may weigh in determining whether a statement is voluntary include the prolonged nature of the questioning, LeBrun, 363 F.3d at 726, the defendant's subjective understanding of his Miranda rights, Simmons, 235 F.3d at 1133-34, the age of the defendant, his lack of education, or his low intelligence, United States v. Gallardo-Marquez, 253 F.3d 1121, 1123-24 (8th Cir. 2001), the defendant's prior contact with law enforcement, Gallardo-Marquez, 253 F.3d at 1124, and the use of physical punishment such as deprivation of food or sleep, Hall v. Wolff, 539 F.2d 1146, 1150-51 (8th Cir. 1976). A statement cannot be rendered involuntary by the incapacity of the suspect alone; there must be some coercive police activity. Connelly, 479 U.S. at 164, 167.

After applying the totality of the circumstances test, this Court concludes that the requisite coercive or overreaching conduct sufficient to render Defendant's statements involuntary is lacking. Several facts support this conclusion. The conduct of Officer Waln was not coercive in any way. The duration of the questioning was not excessive, lasting approximately 40 minutes See United States v. Hyles, 479 F.3d 958, 966 (8th Cir. 2007) (finding that a period of questioning spanning five or six hours was not excessive or burdensome). Nothing occurring during the interview suggests unconstitutional conduct. No threats or promises were made to Defendant and no undue influence or pressure was exerted on him. The tone and overall atmosphere of the interview was neither hostile nor coercive, but rather was conversational. Officer Waln never intimidated Defendant in any way.

The characteristics of Defendant do not indicate an inability on his part to resist pressure. He was 30 years old at the time of questioning, had obtained his GED, and he could read and write in the English language. Defendant's prior contact with law enforcement, including convictions for several offenses in South Dakota and Tennessee from 1999 to 2005 and arrests by tribal police on numerous occasions between 2004 and 2009, weighs in favor of voluntariness. Indeed, Defendant both signed an advice of rights form affirming that he understood his rights and verbally acknowledged that he understood his rights and was willing to answer questions without a lawyer present.

Defendant's responses to questions posed to him were logical and understandable. The record is devoid of any probative evidence that Defendant was under the influence of alcohol or drugs, and he did not exhibit any of the manifestations of one who was under the influence of either or both while being interviewed. The record does not reveal any

suggestion that Defendant suffered from any mental or physical impairments at the time of the interview.

The statements made by Defendant were voluntary and not the product of coercive interrogation or overreaching on the part of Officer Waln. Defendant was read his <u>Miranda</u> rights, waived them, and made unconstrained statements to Officer Waln, who took no action that could be considered as coercion or overstepping his bounds. Thus, the Government has established, by a preponderance of the evidence, that Defendant's statements satisfied the voluntariness requirements of the Fifth Amendment. Accordingly, the statements are admissible at trial as substantive evidence.

Based on the foregoing, the Court finds that Defendant's statement, "I plead the Fifth on that," in response to a question, did not require the cessation of all further questioning and that his statements, given to Officer Waln, were not involuntary so as to be excludable at trial. It is hereby

ORDERED that the Report and Recommendation (Doc. 40) is adopted. It is further

ORDERED that Defendant's Motion to Suppress (Doc. 25) is denied.

Dated April 28, 2010.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE